UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| PEDRO LOPEZ, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-202 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## AMENDED MEMORANDUM AND RECOMMENDATION
## TO DENY PETITIONER'S CONSTRUED MOTIONS
## TO ALTER OR AMEND THE JUDGMENT

Final judgment dismissing Petitioner's application for § 2254 relief because it was barred by limitations and denying Petitioner a Certificate of Appealability was entered March 31, 2017 (D.E. 23, 24). Pending are Petitioner's Motion for Reconsideration, filed on April 14, 2017 (D.E. 27), Petitioner's Motion to Alter or Amend the Judgment, filed on April 25, 2017 (D.E. 31), and Petitioner's Motion for a New Trial, filed on April 25, 2017 (D.E. 32).[1]

### APPLICABLE LAW

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Rule 59 or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 n. 7 (5th Cir. 1994). If the

---

[1] Petitioner stated that he gave his Motion for Reconsideration to prison authorities for mailing on April 14, 2017, and that he gave his motion to Alter or Amend the Judgment and his Motion for a New Trial to prison authorities for mailing on April 25, 2017, and so those motions are considered filed as of that date. *See Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1988); Rule 3, Rules Governing Section 2254 Cases.

motion is filed within twenty-eight (28) days[1] of entry of judgment the motion falls under Rule 59.  *Id.*  If it is filed after that, it falls under Rule 60(b).  *Id.*  In this case, final judgment was entered on March 31, 2017 (D.E. 24), and Petitioner's motions were filed on April 14, 2017 (D.E. 27), and April 25, 2017 (D.E. 31, 32), within twenty-eight (28) days of entry of final judgment, and thus are properly construed as motions to alter or amend the judgment under Rule 59(e).

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment.  Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

Petitioner has failed to cite to any manifest errors of law or fact, and has presented no new evidence.  He addresses the merits of his claims without addressing why he filed his petition more than four years after limitations had lapsed.

### RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Petitioner's construed motions to alter or amend the judgment (D.E. 27, 31, 32) be denied.

Respectfully submitted this 11th day of May, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Effective December 1, 2009, FED. R. CIV. P. 59(e) was amended, increasing the time limit for filing a motion to alter or amend the judgment from ten (10) to twenty-eight (28) days.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).